UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RITA M. GIRVEN,**

    **Petitioner,**

v.                                                   No. 4:23-cv-859-P

**MICHAEL SMITH, Warden,**
**FMC-Carswell,**

    **Respondent.**

### OPINION and ORDER

Petitioner, Rita. M. Girven, a federal prisoner, filed a petition for a writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241, alleging that she had not received time credits to which she is entitled. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** and **DENIED** for the alternative reasons set forth.

### BACKGROUND

The First Step Act (FSA) addresses reentry of incarcerated individuals to the community and created a system of earned time credits and other incentives to encourage prisoners to participate in and complete evidence-based recidivism reduction (EBRR) programs and productive activities (PAs). 18 U.S.C. § 3632(d). It permits qualifying inmates to apply earned FSA Time Credits (FTCs) towards prerelease community-based placement—for example, in a Residential Reentry Center (RRC) and/or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)-(c). And, at the discretion of the Director, FSA Time Credits may be applied towards release to supervision at an earlier date, not to need 12 months. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

However, "the ability to earn [FSA Time Credits] is distinct from the ability to apply/use [FSA Time Credits]." App. 19, BOP Program Statement 5410.01 at 6, ECF No. 8. In accordance with 28 C.F.R. § 523.44(b)-(d), FSA Time Credits may be applied to prerelease custody or

early transfer to supervised release if, among other factors, the inmate has maintained a minimum or low recidivism risk through his or her last two risk and needs assessments. *See also* App. 22-27, BOP Program Statement 5410.01 at 10-11, ECF No. 8. A High or Medium risk are exceptions to application of FSA Time Credits and credits may only be applied when the Warden consults with the Regional Director and approves application. *Id.* at 24. The Warden must determine that the prisoner will not be a danger to society if transferred to prerelease custody or supervised release, has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities, and the prisoner is unlikely to recidivate. 28 C.F.R. § 523.44(c)(2); App. 23-25, ECF No. 8. To demonstrate a good faith effort to lower their recidivism risk, the inmate must: (1) maintain clear conduct for at least three years from the date of the request; (2) successfully complete at least one of the BOP's EBRR programs recommended based on an identified need area within the past 5 years; and (3) be otherwise compliant with the requirements of successful program participation. App. 25, ECF No. 8.

      Girven was sentenced to a total term of 144-months for Conspiracy to Commit Wire Fraud and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1349 and 1028A, respectively, in the United States District Court for the Middle District of Florida. App. 2-4, Judgment, *United States v. Girven*, No. 8:15-cr-58-T-17 EAJ. She also has a 36-month term of supervised release. *Id.* at 4. As of September 5, 2023, Girven earned 365 days of FSA Time Credits towards early release and 185 days towards prerelease custody. App. 31, FSA Time Credit Assessment. But Girven has been at a High risk of recidivism since December 21, 2018, and currently remains at a High risk of recidivism. *Id.* at 33. And in the past three years, Girven has been disciplined twice. *Id.* at 35. On April 20, 2023, Petitioner committed 300 Level violations for Refusing to Obey an Order (Level 307) and engaging in Disruptive Conduct-Moderate (Level 399). *Id.* She was also found guilty of a 200 Level violation (Level 203) for threatening staff with bodily harm on January 5, 2021. *Id.*

      On June 30, 2023, Girven attempted an informal resolution of her

time credit claim, seeking application of her earned FSA Time Credits. Pet. 8, ECF No. 1. Unit Team Member Hernandez responded on July 21, 2023, stating the complaint was referred to Unit Team and that FSA Time Credits would continue to be updated monthly. *Id.* She further claims she has tried numerous times to exhaust her administrative remedies, but her requests have gone "unanswered and ignored." *Id.,* at 4-5. On August 17, 2023, Girven filed this § 2241habeas petition, seeking application of 365 days of FSA Time Credits. Pet. 4-6, ECF No. 1.

## ANALYSIS
### A.   Lack of Exhaustion

Though 28 U.S.C § 2241 does not expressly contain an exhaustion requirement, it is well-settled law that a federal inmate must exhaust all administrative remedies available before filing a habeas petition under section 2241. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("[E]xhaustion of administrative remedies is a prerequisite to filing a section 2241 petition."); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). An inmate's failure to properly and fully pursue administrative remedies consistent with the procedures provided by the prison system in which he is incarcerated constitutes procedural default, warranting dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001); *Moscato v. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Nigro v. Sullivan*, 40 F.3d 990, 993-97 (9th Cir. 1994).

As Respondent explains, the Bureau of Prisons has a three-step administrative remedy program that inmates must follow. Resp. 4-5, ECF No. 7. The record reflects that Petitioner failed to exhaust her remedies with regard to the claim she presents here. Girven admits she failed to exhaust her administrative remedies. She makes vague allegations that she tried to exhaust but those requests were ignored. Pet. 4-5, ECF No. 1. Yet, she demonstrates that her informal resolution attempt did receive a response. *Id.,* p. 8. But Girven then fails to plead facts regarding which

3

staff she submitted a BP-9 to and what date she submitted it, and facts demonstrating her knowledge that it was ignored. *See generally* Pet. 1-8, ECF No. 1. Thus, Petitioner failed to meet her burden to demonstrate exhaustion, the inappropriateness or futility of exhaustion, or that any circumstances exists to excuse exhaustion. Her failure to exhaust deprived the institution, Regional Director, and Central Office the ability to review her request and respond before filing in this Court—undermining the very purpose of the Administrative Remedy Program. The habeas petition must, therefore, be dismissed for failing to exhaust administrative remedies.

### B. Girven's earned FSA Time Credits are not being Applied because she is at a High risk of Recidivism and has Failed to meet Qualifying Criteria

Federal regulations permit FSA Time Credits to be applied if, among numerous factors, an inmate has maintained a minimum or low risk of recidivism through her last two risk and needs assessments. 28 C.F.R. § 523.44(b)-(d); App. 22-2, ECF No. 8. In this case, Girven is at a High risk of recidivism. For this reason, her 365-days of earned FSA Time Credits are not being applied to early release. App. 31 ("Cannot apply FTC" and identifying Petitioner's High risk), ECF No. 8. Girven's credits may only be applied with approval of the Regional Director and after the Warden determines that she is not a danger to society, has made a good faith effort to lower her recidivism risk, and she is unlikely to recidivate. 28 C.F.R. § 523.44(c)(2); App. 23-25, ECF No. 8. And to demonstrate a good faith effort to lower their recidivism risk the inmate must: (1) maintain clear conduct for at least three years from the date of the request; (2) successfully complete at least one of the BOP's EBRR programs recommended based on an identified need area within the past 5 years; and (3) be otherwise compliant with the requirements of successful program participation. App. 25, ECF 8.

Girven pleads no facts that she petitioned the Warden to apply her FSA Time credits. Furthermore, the facts do not indicate she has demonstrated a good faith effort to lower her recidivism risk. She failed

4

to maintain clear conduct for the past three years, receiving two separate disciplinary charges for refusing to obey an order and disruptive conduct and for threatening staff. App. 35, ECF No. 8. Therefore, Girven's FSA time credits cannot be applied and her claims for relief against her sentence under § 2241 must be denied.

## CONCLUSION

It is therefore **ORDERED** that petitioner Rita M. Girven's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for want of exhaustion, and alternatively, **DENIED**.

**SO ORDERED** this **12th day** of **December 2023**.

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE